Rodrick v. The People.

## Geo. W. Rodrick and John M. Buchanan v. The People of the State of Illinois for the use of John T. Hudson.

1. REPLEVIN—*An Insufficient Bond Does Not Render a Good One Invalid.*—Where a sheriff took and returned with his writ a good and sufficient replevin bond, the fact that an imperfect bond was also found among the papers, even if placed there by the sheriff himself, did not render the good bond void, nor make the sheriff liable for a failure to take a good and sufficient bond.

Action to Recover Damages, for an alleged failure on the part of the sheriff to take and return a sufficient replevin bond. Trial in the Cir-

cuit Court of Lawrence County, on appeal from a justice of the peace; the Hon. ENOCH E. NEWLIN, Judge, presiding. Finding and judgment for plaintiff; appeal by defendants. Heard in this court at the August term, 1898. Reversed. Opinion filed March 10, 1899.

C. J. BORDEN and S. B. ROWLAND, attorneys for appellants.

W. F. FOSTER and GEE & BARNES, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace, in Lawrence county, against the sheriff and his bondsmen, on the sheriff's official bond, to recover damages for an alleged failure on the part of the sheriff to take and return a sufficient replevin bond. The case was tried in the Circuit Court, on appeal, by the court without a jury, and judgment rendered against appellants for $100 damages with costs of suit.

To the February term, 1897, of the Lawrence Circuit Court, one Thomas Scranton commenced a suit in replevin against John T. Hudson, and placed the writ in the hands of Geo. W. Rodrick, one of appellants, to serve.

Rodrick was then sheriff of Lawrence county. The writ was delivered to him on the 29th day of August, 1896, and thereupon he demanded of Scranton a replevin bond. A bond was presented which he objected to, because it was not in proper form, and another bond, good and sufficient, was prepared, executed, delivered and accepted by him. He then served the replevin writ, taking the property called for in it, from Hudson, and delivering it to Scranton. On September 1, 1896, he duly returned both the writ and the good and sufficient replevin bond into the office of the clerk of the Circuit Court, and the clerk on that day filed the bond and placed it among the papers. The imperfect bond also, in some way not disclosed by the evidence, came to the hands of the clerk and was placed among the papers, but not filed. The clerk says the sheriff must have handed both bonds in together and that may be the way it occurred. Subsequently Scranton dismissed his replevin suit, and failed to return to Hudson the property replevied.

Thereafter Hudson instituted against the sheriff and his bondsmen, on the sheriff's official bond, the suit now before us.

It is conclusively shown by the evidence and not disputed, that the sheriff did, at the time, take and return with his writ a good and sufficient replevin bond, which was produced from the files, on the trial, bearing the file mark of the clerk, of the proper date, and fully identified.

The fact that an imperfect bond was also found among the papers, even if placed there by the sheriff himself, did not render the good bond void, nor make the sheriff liable for failure to take good and sufficient bond.

Upon the undisputed facts, as they appear in the record in this case, the law is with appellants.

The judgment of the Circuit Court is reversed.